# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

*Li Zhang,*

*Plaintiff,*

*v.*

*Lord's Additives LLC*

*and*

*Nisus Corporation,*

*Defendants.*

RECEIVED
AUG 1 9 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Case No. _____

**COMPLAINT FOR NATIONAL ORIGIN DISCRIMINATION, DENIAL OF EQUAL PROTECTION, DUE PROCESS, CIVIL RIGHTS VIOLATIONS, AND CONTEMPT OF COURT SUBPOENAS**

1

Plaintiff Li Zhang ("Plaintiff"), appearing pro se, respectfully brings this action against Defendants Lord's Additives LLC and Nisus Corporation for damages, equitable relief, and sanctions, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985(3), and the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

2. Venue is proper in this District under 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred in Mercer County, New Jersey, within this judicial district.

## II. PARTIES

3. Plaintiff Li Zhang is a resident of the State of New Jersey and a United States resident of Chinese descent. He has resided in New Jersey for more than thirty years.

4. Defendant Lord's Additives LLC is a New Jersey limited liability company conducting business within this District. It was a party to the

underlying litigation in Mercer County and engaged in the discriminatory and unlawful acts alleged herein.

5. Defendant Nisus Corporation is a Tennessee-based corporation that actively participated in the underlying transactions and litigation, formally intervened in the Mercer County proceedings, and engaged in the misconduct described in this Complaint.

## III. FACTUAL BACKGROUND

6. Plaintiff was a litigant in a civil action in the Superior Court of New Jersey, Mercer County, captioned Leetech Inc. v. Lord's Additives LLC, Docket No. MER-L-320-20.

7. During that litigation, Defendants, acting through their representatives and counsel, submitted sworn certifications and made statements expressly invoking Plaintiff's Chinese national origin.

8. Defendants deliberately weaponized Plaintiff's ethnicity by portraying him as untrustworthy and falsely accusing him of intending to "steal trade secrets" to collaborate with Chinese suppliers and compete in the U.S. market.

9. On or about October 2000, based on Defendants' discriminatory submissions, the Mercer County Superior Court entered a protective order.

That order, grounded in false and prejudicial accusations, tainted the proceedings and deprived Plaintiff of equal treatment under the law.

10. Defendants' misconduct was not limited to discriminatory accusations. They knowingly advanced false statements, fabricated documents, and submitted misleading narratives to corrupt judicial proceedings and suppress Plaintiff's ability to present his claims fairly.

11. Defendants, together with their representatives, further engaged in contemptuous misconduct by willfully disregarding duly issued subpoenas spanning both the Superior Court of New Jersey and the courts of Tennessee. In brazen defiance of judicial authority, Defendants deliberately withheld responsive evidence, obstructed the discovery process, and engaged in calculated noncompliance designed to frustrate the administration of justice.

12. By conspiring to manipulate judicial proceedings with fabricated and discriminatory filings, and by engaging in open contempt of subpoenas, Defendants turned Plaintiff's national origin into a litigation weapon. Their coordinated abuse of the judicial process denied Plaintiff due process, meaningful access to the courts, and a fair adjudication of his claims.

## IV. CLAIMS FOR RELIEF

### COUNT I – National Origin Discrimination / Equal Protection (42 U.S.C. § 1983)

13. Plaintiff incorporates by reference the allegations set forth above.

14. Defendants deliberately invoked Plaintiff's Chinese national origin to fabricate a false narrative of theft and disloyalty, which they used to corrupt judicial proceedings and secure outcomes adverse to Plaintiff.

15. By invoking ethnicity as a pretext for suspicion, Defendants inflamed prejudice, manipulated the tribunal, and deprived Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment.

### COUNT II – Denial of Due Process and Access to Courts (42 U.S.C. § 1983)

16. Plaintiff incorporates by reference the allegations set forth above.

17. Defendants' fraudulent submissions and discriminatory accusations corrupted judicial proceedings, depriving Plaintiff of due process and meaningful access to the courts.

18. Defendants' contempt of court-issued subpoenas constituted a deliberate obstruction of the judicial process, further denying Plaintiff meaningful

5

access to the courts. By refusing to comply with discovery obligations and court orders, Defendants ensured that exculpatory and corroborating evidence was suppressed, thereby compounding the due process violations.

19. As a direct and proximate result, Plaintiff's claims were dismissed, and he suffered significant financial losses, reputational harm, and severe emotional distress.

## COUNT III – Civil Conspiracy to Deny Equal Protection (42 U.S.C. § 1985(3))

20. Plaintiff incorporates by reference the allegations set forth above.

21. Defendants Lord's Additives LLC and Nisus Corporation conspired to deny Plaintiff equal protection by jointly advancing false, discriminatory allegations rooted in Plaintiff's national origin.

22. This conspiracy was motivated by discriminatory animus and furthered through acts of fraud, fabrication, contempt of subpoenas, and abuse of the judicial process, causing substantial injury to Plaintiff.

23. As part of their conspiracy, Defendants withhold subpoenaed evidence. They acted in contempt of court authority, thereby ensuring Plaintiff was deprived of a fair opportunity to litigate his claims on the merits.

## V. DAMAGES

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained:

   a. Economic Losses – including litigation expenses, court costs, and lost business opportunities reasonably estimated to exceed $600,000.

   b. Reputational Harm – including long-term damage to personal and professional reputation, impairing Plaintiff's ability to secure future opportunities.

   c. Emotional Distress – including humiliation, mental anguish, and suffering caused by Defendants' discriminatory conduct.

25. Compensatory damages are necessary to make the Plaintiff whole. Punitive damages are warranted to punish Defendants' willful and malicious conduct and deter similar misconduct.

## VI. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' conduct constituted unlawful discrimination, violations of Plaintiff's constitutional rights, and contempt of court subpoenas;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages sufficient to punish and deter similar misconduct;

D. Award costs of suit, including attorney's fees under 42 U.S.C. § 1988;

E. Impose sanctions and other appropriate remedies against Defendants for their contempt of duly issued court subpoenas, including but not limited to adverse inferences, evidentiary presumptions, and monetary penalties;

F. Award such other relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Li Zhang, Pro Se    *[signature]*                    Dated: August 18, 2025

203 Salem Court, Unit 9

Princeton, NJ 08540

(609) 841 9418

Email: Leetechinc@Gmail.com